## LUNG LOUIS & CO., Respondents, v. S. H. BROWN ET AL., Appellant.

Liquidated Damages—Penalty—Where in a written contract to cut a certain number of cords of wood by a given time it was stipulated that in case the wood was not all cut by the time named in the contract, the laborer should forfeit five cents per cord on what wood he had cut: *Held*, that such stipulation fixes the measure of damages to be paid by the party failing to cut the wood.

Pleadings—Answer—General Denial.—The general denial in the answer that the defendant promised to pay the reasonable value of work performed raised no issue to be tried by a jury. When the defendant admits that the work was performed for the defendant; for when work is done by one person for another at his request, there is an implied promise to pay, which will prevail unless avoided by some special agreement.

Appeal from Multnomah County.

This was an action by the respondents to recover the alleged reasonable value of services for cutting two thousand two hundred cords of wood. The value of the services is alleged to be eighty-five cents per cord for the wood cut or one thousand eight hundred and seventy dollars for the whole, of which eight hundred and fifty-seven dollars and twenty-five cents is admitted to have been paid, leaving a balance claimed of one thousand and twelve dollars and seventy-five cents.

The appellants deny that more than two thousand and fifty cords were cut, and they allege that such wood was cut under a written agreement by which it was agreed in effect that the respondents would cut three thousand five hundred cords of wood on or before May 20, 1878; that the appellants were to pay therefor eighty-five cents per cord; that the wood was to be corded by the respondents at the end of each month, and thereafter upon the tenth of the ensuing month seventy-five cents per cord should be paid therefor, and upon the tenth of June, 1878, the remaining ten cents per cord for every cord cut should be paid. It was further stipulated as follows: "But in case the said parties of the first part shall fail to cut the full amount of three thousand five hundred cords as aforesaid, and cord up the same on or before the twentieth day of May, 1878,

the parties of the first part shall forfeit to the said parties of the second part the sum of five cents per cord for every cord then cut and received, and the said parties of the second part are hereby authorized to retain the same out of said last payment."

The appellants for a further defense alleged matters of special damage to themselves by reason of the respondents' failure to cut the amount of wood contracted for to the amount of one thousand three hundred and twenty dollars, for which sum they prayed judgment.

The respondents demurred to this further defense and the demurrer was sustained; whereupon the respondents had judgment upon the pleadings for seven hundred and eighty-two dollars and seventy-five cents, that being the sum due for the wood admitted to have been cut less the agreed forfeiture of five cents per cord.

From this judgment the appeal is taken.

*Catlin, Killin & Nicholas,* for appellants.

*Northup & Gilbert,* for respondents.

By the Court, BOISE, J.:

This cause was tried on the pleadings in a motion for judgment. The questions are: 1. Was the separate answer of the appellants setting up damages resulting from the failure of respondents to cut all the wood contracted for within the specified time, a good defense, either in form or substance? 2. In case said answer was no defense, was there still an issue which the appellants had a right to submit to a jury? The allegation in the complaint that the appellants promised and agreed to pay respondents, the reasonable value of the labor being denied in the answer, but it not being denied but that the respondents cut the wood, a promise to pay the reasonable value would be implied unless the special contract avoids that implication, and as the special contract is before us we think its construction will solve both these questions.

A time is fixed in the contract by the parties when the work shall commence and when it shall be completed. There is no intimation in it that the respondents on fail-

ing to do the whole work by the twentieth of May shall be allowed further time.     But, on the contrary, the reservation of ten cents per cord out of the monthly payments, and the stipulation that on the tenth of June, in case of failure, five cents per cord on all that is then cut shall be forfeited, plainly indicates that the parties intended when they made the contract that a final settlement should be made on the tenth of June, and that the contract should be then finally terminated. If the parties had intended that there should be any other forfeiture, we must presume that they would have specified' it; for the rule is that where the parties have specified in their contract the damages to be paid in case of failure that all damages not speciffed are excluded.

We think the contract therefore fixed the amount of damages at five cents per cord, and that the appellants can claim no more than that, therefore their separate answer which sets up other damages is no defense.

It is also claimed that as the appellants denied that they agreed to pay the reasonable value of the services for cutting the wood, this raises an issue of fact which the appellants have a right to try.

Where the defendant denies the work, and then sets up a defense in which he acknowledges that the service was performed, it is not necessary that this admitted fact should be proved. If a particular fact is admitted on the record by a party it is a solemn admission, and the party is bound by it, and it is not necessary to call witnesses to prove it.

The fact that the respondents had cut the wood was before the court, stated in the contract and was admitted, and the whole question was as to whether the appellant could claim other damages than those alleged in the contract. The contract, as we view it, was broken by the respondents, but the parties had stipulated in the contract what damages were to be paid for the breach, and these damages were liquidated and before the court, and were properly adjusted in the judgment.

The judgment of the circuit court is affirmed with costs, and disbursements.